acm

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT CALIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-3201-JAR |
| | ) |
| ROGER WERHOLTZ; | ) |
| DAVID MCKUNE; and | ) |
| STEVE LAUN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER AND OPINION DENYING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on defendants' Motion to Dismiss (Doc. 16). Plaintiff, a former inmate of Lansing Correctional Facility, filed this action after his release from prison under 42 U.S.C. § 1983 alleging violations of his First Amendment rights. Defendants move for dismissal of plaintiff's claim for failure to exhaust his administrative remedies. For the reasons set forth below, defendants' motion is denied.

**I.     Factual Basis**

Plaintiff is a former inmate of Lansing Correctional Facility. On January 21, 2005, plaintiff filed an Inmate Complaint with his Unit Team Manager alleging various violations of his First Amendment rights. Plaintiff received his Unit Team Manager's response, denying his requests, on January 24, 2005. On January 25, 2005, plaintiff appealed his Unit Team Manager's response to the Warden of Lansing Correctional Facility, defendant Roger Werholtz. Plaintiff's appeal was denied on February 7, 2005.

The facts that occurred after the Warden's denial of plaintiff's appeal are in dispute.

Defendants allege that plaintiff did not seek an appeal with the Secretary of Corrections, an act that plaintiff was required to complete within three days of the denial of his appeal in order to exhaust his administrative remedies.[1]  Plaintiff, however, disputes his failure to file an appeal with the Secretary of Corrections.  Plaintiff alleges that he delivered his appeal to the Unit Team Manager, who agreed to submit the appeal to the Secretary of Corrections' office.

On April 21, 2005, plaintiff was released on parole.  Plaintiff then filed this action on May 3, 2005.  Defendants now move for dismissal arguing that plaintiff's § 1983 claim should be dismissed because he failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA").[2]  Plaintiff filed a response (Doc. 18) in which he factually disputes his failure to exhaust his administrative remedies.  However, plaintiff does not raise arguments to challenge whether the PLRA exhaustion requirement bars his action despite the fact that he filed this action after his release from prison.  Defendants argue that because he ignores this issue in his response, plaintiff has abandoned any claim in that regard.  However, the Court recognizes that "[w]hile uncontested motions are ordinarily granted, they are not invariably granted."[3]  Further, the Court, liberally construing the *pro se* plaintiff's Complaint, finds that plaintiff, by filing a response and challenging defendants' grounds for dismissal, has not abandoned his claim.

**II.    Rule 12(b)(6) Standard**

---

[1] Kan. Admin. Regs. § 44-15-102(c)(1).

[2] 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

[3] *Green v. Dean*, No. 03-3225-JWL, 2005 WL 1806427, at *1 n.2 (D. Kan. Aug. 1, 2005) (Lungstrum, C.J.) (citing D. Kan. R. 7.4 and finding it appropriate for the court to conduct an independent evaluation of plaintiff's motion despite defendants' failure to file a timely response).

While defendants fail to inform the Court what standard they are moving under for dismissal, the Court will construe defendants' argument regarding plaintiff's failure to exhaust his remedies under the Rule 12(b)(6) standard.[4]  A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[5]  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[6]  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[7]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[8]  The Court construes the allegations in the light most favorable to the plaintiff.[9]  These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[10]  "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable

---

[4]*See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003) (finding that the "proper procedural mechanism for such a dispositive motion" in many instances is a motion to dismiss under Fed. R. Civ. P. 12(b)(6)); *see also Canady v. Werholtz*, No. 04-2083-GTV, 2004 WL 1212050, at *2 (D. Kan. 2004) (construing defendants' exhaustion argument under the Rule 12(b)(6) standard despite defendants' improper argument that plaintiff's action should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)).

[5]Fed. R. Civ. P. 12(b)(6).

[6]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[7]*Mounkes v. Conklin*, 922 F. Supp. 1502, 1506 (D. Kan. 1996) (quotation omitted).

[8]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[9]*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[10]*Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

3

claim, his complaint cannot pass Rule 12(b)(6) muster."[11]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[12]

In their motion to dismiss, defendants refer to the report filed by SRS pursuant to *Martinez v. Aaron*[13] (*Martinez* Report).[14]  Additionally, defendants refer to two affidavits attached to their reply brief to support their claim that plaintiff failed to exhaust his administrative remedies.[15]  It is well established that "[a] motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings."[16]  Courts have broad discretion in determining whether or not to accept materials beyond the pleadings.[17]  Reversible error may occur, however, if the district court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment.[18]

In this case, the Court need not refer to documents outside the pleadings because the

---

[11] *Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[12] *Id.*

[13] 570 F.2d 317 (10th Cir. 1978).

[14] (Doc. 14.)

[15] (Doc. 20.)

[16] Fed. R. Civ. P. 12(b)(6).

[17] 5A Charles Alan Wright et al., *Federal Practice and Procedure* § 1366 (2d ed. 1990).

[18] *Janke v. Price*, 43 F.3d 1390, 1392 (10th Cir. 1994) (holding that magistrate judge erred under Fed. R. Civ. P. 12(b)(6) standard when the court considered the merits of the complaint and the facts from a *Martinez* hearing in determining whether [plaintiff] stated a claim for relief"); *see also Lowe v. Town of Fairland,* 143 F.3d 1378, 1381 (10th Cir. 1998) (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

Court finds that the factual dispute over plaintiff's exhaustion of his administrative remedies is irrelevant. As shown below, plaintiff's claim is not barred by the PLRA exhaustion requirement because he filed this action after his release from prison when he was no longer subject to the PLRA's exhaustion requirement. Therefore, the Court refuses to consider matters outside of the pleadings at this time.

Additionally, because petitioner is a *pro se* plaintiff, the Court must construe *pro se* pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[19] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[20] The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[21]

### III.   Analysis

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[22] The statute defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."[23] Defendants acknowledge that courts in other circuits have held that the provisions

---

[19]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[20]*Id.*

[21]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[22]42 U.S.C. § 1997e(a).

[23]42 U.S.C. § 1997e(h).

of the PLRA do not apply to former prisoners.[24] The Tenth Circuit has yet to consider this issue.[25] However, district courts in this circuit have concluded that the PLRA's exhaustion requirement does not apply to a former prisoner who has been released from confinement at the time of filing the action.[26]

While defendants are correct in stating that this is a case of first impression in the Tenth Circuit, the Court disagrees that these facts are distinguishable from the cases cited above that hold that the PLRA's exhaustion requirement does not apply to a former prisoner if he has been released at the time of filing the action. In the cases cited above, the former prisoners filed actions based on incidents that occurred during their confinement without availing themselves of the grievance procedures. In this case, plaintiff availed himself of the grievance procedure in prison, and then filed this action upon his release. The Court does not find that plaintiff's availment of the grievance procedure during his confinement triggers application of the PLRA's

---

[24]*See Perkins v. Hedricks*, 340 F.3d 582, 582 (8th Cir. 2003) (holding that plaintiff, who was civilly committed, was not a "prisoner" within the meaning of the PLRA and, therefore, the exhaustion requirements of the Act did not apply to plaintiff's civil action); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (adopting the view that a prisoner who has been released is not precluded by the PLRA exhaustion requirement from filing a § 1983 suit based on the conditions of his confinement because "[a]ny other view would also be inconsistent with the spirit of the PLRA, which was designed to deter frivolous litigations by idle prisoners."); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (applying the PLRA to plaintiff's status at the time of filing and holding that a former prisoner is not subject to the exhaustion requirement if he has been released at the time of filing); *Harris v. Garner*, 216 F.3d 970, 980 (11th Cir. 2000) (holding that the PLRA does not prevent a former prisoner from filing suit after his release, and therefore dismissal of an action under the PLRA must be "without prejudice to re-filing the claim if and when the plaintiff is released."); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (holding "that litigants–like [plaintiff]–who file prison condition actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision"); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (holding that the PLRA is not applicable to suit filed by an inmate after he was released on parole). *But see Morgan v. Maricopa County*, 259 F. Supp. 2d 985, 992 (D. Ariz. 2003) ("Interpreting the PLRA as inapplicable to former prisoner's claims which arose during the prisoner's incarceration if a prisoner waits to file suit, like [plaintiff] did, until a month after his release from custody and over ten month's [sic] after the cause of action arose would nullify Congress' intent in passing the PLRA.").

[25]*Canady v. Werholtz*, No. 04-2083-GTV, 2004 WL 1212050, at *3 (D. Kan. June 1, 2004).

[26]*See id.* at *4; *see also Smith v. Bd. of County Comm'rs*, No. 01-4018-SAC, 2002 WL 31928433, at *1 (D. Kan. Nov. 5, 2002).

exhaustion requirement to a claim filed after his release based on the plain meaning of the statute.

The plain text of the PLRA defines "prisoners" as "any person incarcerated or detained in any facility . . . ."[27] In determining whether the PLRA bars a plaintiff's action, other courts have relied on the plain text of the statute to conclude that the PLRA does not apply to former prisoners who bring their claims upon their release from confinement. For instance, the Ninth Circuit found that the "natural reading" of the text "is that, to fall within the definition of 'prisoner,' the individual in question must be currently detained as a result of accusation, conviction, or sentence for a criminal offense."[28] In this case, the Court reads the plain language of the PLRA and determines that plaintiff does not fall within the PLRA's definition of prisoner. It is undisputed that plaintiff was not incarcerated or detained when he filed this action. Rather, plaintiff was released on parole when he filed this action on May 3, 2005. Under the plain meaning of the PLRA, plaintiff was not a "prisoner" at the time he "brought" this action by filing his § 1983 claim in federal court.[29] Therefore, plaintiff is not barred by the PLRA's exhaustion

---

[27] 42 U.S.C. § 1997e(h).

[28] *Page*, 201 F.3d at 1139; *see also Kerr*, 138 F.3d at 323 ("The statutory language does not leave wriggle room; a convict out on parole is not a 'person incarcerated or detained in any facility . . . .'") (quoting 42 U.S.C. § 1997e(h)); *Greig*, 169 F.3d at 167 (analyzing the legislative history of § 1997e and holding that "litigants . . . who file prison condition actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision"). Courts have also used the plain text of the statute in determining that the PLRA does apply to a prisoner who filed a suit during his confinement without exhausting his administrative remedies and thereafter was released from prison. In those cases, because the plaintiff was a undisputably a "prisoner" when he brought the case, plaintiff's claims were barred by the exhaustion requirement of the PLRA. *See Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003); *Ahmed*, 297 F.3d at 210; *Dixon v. Page*, 291 F.3d 485, 488-89 (7th Cir. 2002).

[29] The Supreme Court explained over one hundred years ago that:

A suit is brought when in law it is commenced, and we see no significance in the fact that in the legislation of [c]ongress on the subject of limitations the word "commenced" is sometimes used, and at other times the word "brought."  In this connection the two words evidently mean the same

requirement from bringing his claim, and defendants' motion to dismiss must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss (Doc. 16) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 22nd day of December 2005.

                                             S/ Julie A. Robinson
                                             Julie A. Robinson
                                             United States District Judge

---

thing, and are used interchangeably.

*Goldenberg v. Murphy*, 108 U.S. 162, 163 (1883).  Since plaintiff commenced this suit by filing his action on May 3, 2005, plaintiff "brought" his action when he was no longer a "prisoner" as he had been released on parole at that time.